U.S. DISTRICT COURT
SAVANNAH DIV.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA 2011 OCT 31 PM 4:40
AUGUSTA DIVISION

CLERK
SO. DIST. OF GA.

CHARLES W. WALKER, SR.,        )
                               )
        Petitioner,            )
                               )
v.                             )        CASE NO. CV109-036
                               )
UNITED STATES OF AMERICA,      )
                               )
        Respondent.            )
                               )

## O R D E R

This case has been remanded from the Eleventh Circuit Court of Appeals. (Doc. 53.) In its opinion, the Eleventh Circuit concluded that this Court's prior order denying Petitioner habeas relief (Doc. 33) must be vacated and the case remanded because "the court failed to consider whether [appellate] counsel was ineffective for not arguing whether the factors supported the upward variance and whether the sentence substantively was unreasonable" (Doc. 53 at 4).

This Court, however, is not currently in a position to assess the merits of Petitioner's claim, as construed by the Eleventh Circuit. A searching review of the record in this case reveals that it is devoid of any actual argument regarding why Petitioner's sentence is substantively unreasonable.[1] Indeed, Petitioner always argued before this

---

[1] Petitioner practically admits as much in his Motion for Leave to File Supplemental Brief, reasoning that supplemental briefing on this issue is required because

Court that the sentence was procedurally unreasonable in light of the sentencing judge's failure to even address the sentencing factors in 18 U.S.C. § 3553(a). (Doc. 1 at 19 ("The sentence that I received is unreasonable. The District Court Judge did not engage in the analysis required by 18 U.S.C. 3553 and imposed a sentence that was actually above my guideline range."); Doc. 8 ¶ 14.F ("Defense counsel failed to argue, at sentencing or on appeal, that the trial judge failed to comply with recent Supreme Court decisions governing the procedure for imposing sentence . . . because he failed to consider the factors set forth in 18 U.S.C. § 3553(a), and, on appeal, failed to argue that the resulting sentence was 'unreasonable.' "); Doc. 18 at 12 ("Here, counsel failed to object at sentencing to the court's omission of any reference to the Section 3553(a) factors and, on appeal, failed to argue that the sentence was unreasonable.").) These are, of course, arguments pertaining to why the sentence was procedurally, not substantively, unreasonable.

At no time did Petitioner advance to this Court any argument regarding the substantive unreasonableness of the

---

"counsel's ineffectiveness in failing to challenge the substantive unreasonableness of the sentence [was] addressed only in a cursory fashion." (Doc. 55 ¶ 10.) In this Court's opinion, Petitioner, with the assistance of counsel, failed to address this claim in any fashion, cursory or otherwise.

sentence.    Quite simply, Petitioner never provided this
Court with any reasoning as to how the sentencing judge
misapplied the sentencing factors in § 3553(a).[2]  At no time
did Petitioner, in any filing before this Court, even
mention one of the individual sentencing factors, much less
argue that the sentence imposed was, in any way,
substantively unreasonable in light of any specific factor.

Surprisingly, the Eleventh Circuit has construed
Petitioner's filings as raising this claim, with
appropriate supporting arguments, and returned the Petition
to this Court with directions to assess whether
Petitioner's appellate counsel was ineffective for failing
to challenge the substantive unreasonableness of
Petitioner's sentence.    As previously noted, however, a
thorough review of the record in this case reveals that it
is completely devoid of any argument relating to this
claim.    As a result, the Court will require Petitioner to

---

[2] Any argument that a sentencing judge's procedural failure
to apply the sentencing factors would preclude Petitioner
from arguing how the sentence was unreasonable in light of
those factors would be without merit.    The factors are
clearly listed in 18 U.S.C. § 3553(a), allowing Petitioner
to evaluate how any sentence would have been unreasonable
in light of those factors.    Therefore, this Court would not
be persuaded by any argument advanced by Petitioner that
the sentencing judge's procedural failure to apply the
sentencing factors rendered him unable to assess the
substantive application of the factors to the sentence he
received.

provide this Court with some actual argument in support of this claim.

Accordingly, Petitioner is **DIRECTED** to brief the issue of whether his appellate counsel was ineffective for failing to argue on appeal that the sentence Petitioner received was substantively unreasonable in light of the sentencing factors found in 18 U.S.C. § 3553(a). Petitioner shall have **thirty days** from the date of this order to submit his brief, and Respondent shall have **fourteen days** to respond. The parties are **NOTIFIED** that the only issue to be addressed is Petitioner's claim of ineffective counsel on appeal based on counsel's failure to argue that the sentence Petitioner received was an unreasonable application of the sentencing factors—the Court will not accept any arguments pertaining to other claims for relief.

As a result of this Court's order, Petitioner's Motion for Leave to File Supplemental Brief (Doc. 55) is **DISMISSED AS MOOT**. To the extent Petitioner is seeking to provide this Court with additional briefing concerning the "honest services" violation under 18 U.S.C. § 1346, that portion of the motion is **DENIED**.[3] Finally, Petitioner's request for

---

[3] Petitioner previously sought permission from the Eleventh Circuit to file a successive habeas petition in light of the Supreme Court's ruling in <u>Skilling v. United States</u>, 561 U.S. ___, 130 S. Ct. 2896 (2010). Emergency

oral argument is also **DENIED**.  Following review of the parties' briefs, the Court will schedule oral arguments should it determine them necessary.

SO ORDERED this **31ˢᵗ** day of October 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

Application for Leave to File Successive Motion to Vacate Sentence, In re Walker, No. 10-13755 (11th Cir. Aug. 12, 2010).  In denying the request, the Eleventh Circuit determined that Petitioner's "claim fails because the Supreme Court has not made either of these direct appeal cases retroactive to cases on collateral review." In re Walker, No. 10-13755, at 2 (11th Cir. Sept. 3, 2010). Therefore, this Court sees no need for additional briefing because the Eleventh Circuit has already determined that the Supreme Court's ruling in Skilling would not apply retroactively to Petitioner's collateral attack on his conviction and sentence.